UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DOMINICK LAVAR DANIELS                    CIVIL ACTION NO. 15-cv-1208

VERSUS                                    JUDGE HICKS

RICKY HOLDEN, ET AL                       MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Dominick L. Daniels ("Plaintiff"), who is self-represented, filed this civil action against Ricky Holden and members of Holden's family.  The complaint alleges that Plaintiff performed babysitting, laundry, and other services for Holden but was not paid fairly.  He alleges that Holden violated their verbal contract and should be ordered to pay him $9,600, plus $5,000 for Plaintiff missing his children who moved out of town.

Plaintiff is proceeding in forma pauperis ("IFP").  The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous.  The court also has a duty to examine the basis for subject matter jurisdiction.  Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997).  If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.  Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff's complaint does not make clear which of those, if either, he relies upon.  The court has

carefully examined the complaint and determined, for the reasons that follow, that this court does not have subject-matter jurisdiction to hear Plaintiff's complaint.

Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). Plaintiff alleges that his address is in Shreveport, Louisiana, and he offers no facts to suggest that he is a citizen of a state other than Louisiana. Accordingly, the court may not exercise diversity jurisdiction if any defendant is also a citizen of Louisiana. The information in the record, including addresses on the service returns, indicates that all named defendants are citizens of Louisiana. The apparent Louisiana citizenship of both Plaintiff and the defendants destroys the potential for diversity jurisdiction. It also appears that the amount in controversy in this action does not exceed $75,000, which is a second element of diversity jurisdiction.

The complaint also lacks a basis for the exercise of federal question jurisdiction under Section 1331. Jurisdiction is appropriate under that statute only when the complaint asserts a claim that arises under federal law. Plaintiff has alleged only a breach of contract claim, which arises under state law. There is no federal question jurisdiction if the plaintiff pleads only state law causes of action. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008).

Plaintiff's complaint does not satisfy his obligation of presenting facts that permit this court to exercise subject-matter jurisdiction over his claims. The court has no choice but to dismiss Plaintiff's complaint. If Plaintiff wishes to pursue his claims, he will have to do so

in a state court that has jurisdiction and is a proper venue.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of June, 2015.

Mark L. Hornsby
U.S. Magistrate Judge